UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NANETTE SEMBACH,<br><br>       Plaintiff,<br><br>v.<br><br>CLUB ONE; and MILES METTLER, general manager of Club One,<br><br>       Defendants. | 3:10-CV-00654-LRH-VPC<br><br>ORDER |

      Before the court are Defendant Miles Mettler's Motion to Dismiss (Doc. #9[1]), Defendant Club One, Inc.'s Motion to Dismiss (Doc. #11). Plaintiff Nanette Sembach filed an opposition (Doc. #19), and the defendants filed a joint reply (Doc. #20).

**I.    Facts and Procedural History**

      Appearing pro se, plaintiff Nanette Sembach alleges that she was formerly employed by defendant Club One as a fitness supervisor and head trainer. Doc. #5, p. 4. Following two injuries on the job in January and March 2009, in April 2009 Sembach was denied promotion to fitness manager despite being qualified for the job, was demoted from her supervisory position, and was replaced by a younger man. *Id.* at 3-4. Sembach further alleges that she was retaliated against for filing two workers compensation claims related to her on-the-job injuries, and that she sought to

---

[1] Refers to the court's docket entry number.

file an internal complaint against defendant Miles Mettler, Club One's general manager, but was deterred from doing so. *Id.* at 5-6. In June 2010, Sembach filed a grievance with the EEOC, but her grievance was denied on the basis that no violation had occurred. *Id.* at 8.

Following the court's approval of her application for leave to proceed in forma pauperis, Sembach's pro se complaint in this federal action was filed on November 19, 2010. Doc. ##4-5. The complaint consists of a standard form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," which Sembach completed by hand. Doc. #5, pp. 1, 9. It sets forth three counts for "demotion," "retaliation," and "informal complaint." *Id.* at 1.

On January 4, 2011, Mettler filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6).[2] *See* Doc. #9. Under Rule 12(b)(5), Mettler contends that service upon him was ineffective under Rule 4(e) because service was not effected upon Mettler personally or upon a person authorized to accept service of process on his behalf. *Id.* at 4-5. Mettler contends that a U.S. Marshall left the summons and complaint with Club One's receptionist, Sara Colacurcio, who has signed an affidavit stating that she is not authorized to accept service of process on Mettler's behalf, that she was not asked whether she is so authorized, and that she did not suggest she is so authorized. *Id.* at 2 & Exh. 1. Under Rule 12(b)(6), Mettler contends that Sembach's complaint fails to state a claim under 42 U.S.C. § 1983 because she fails to allege that Mettler engaged in any state action. *Id.* at 5-6.

Days later, on January 7, 2011, Club One also filed a motion to dismiss. *See* Doc. #11. Club One does not contest service and instead argues only that Sembach's complaint fails to state a claim under 42 U.S.C. § 1983 because she fails to allege that Club One engaged in any state action. *Id.* at 3-4.

---

[2]All further references to the "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

On February 8, 2011, Sembach filed an opposition. *See* Doc. #19.  Although Sembach's opposition states that she opposes both Mettler's and Club One's motions to dismiss, her opposition addresses only the issue of proper service, and it fails to respond to the defendants' argument that Sembach fails to state a claim under 42 U.S.C. § 1983. *Id.* at 1.

**II.     Rule 12(b)(6): Failure to State a Claim**

**A.  Legal Standard**

Defendants seek dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Rule 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

"*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks and citations omitted). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citations omitted).

**B. Discussion**

A person may be held liable for a civil rights violation under 42 U.S.C. § 1983 only if the person acted "under color" of state law within the meaning of the statute. Accordingly, § 1983 ordinarily applies only to government officials or to private individuals engaged in joint action with government officials. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008). In this case, Club One is a private business, Mettler is a private individual, and Sembach fails to allege any facts suggesting that Club One or Mettler acted under color of state law. Thus, Sembach's complaint fails to state a claim under § 1983 and must be dismissed.

The court declines the defendants' request to dismiss Sembach's complaint with prejudice. While Sembach fails to state a claim under § 1983, it is not "absolutely clear" that Sembach could not amend the complaint to state a claim under other provisions of federal or state law. *Schucker*, 846 F.2d at 1203-04. Construing the pro se complaint liberally, Sembach's factual allegations touch on issues of gender and age discrimination, and retaliation for filing workers compensation claims. While the court makes no prejudgments regarding whether Sembach will in fact be able to state a valid claim for relief, the possibility is sufficient to warrant leave to amend to cure the deficiencies in the complaint.

IT IS THEREFORE ORDERED that Defendant Miles Mettler's Motion to Dismiss (#9), and Defendant Club One, Inc.'s Motion to Dismiss (#11), are GRANTED. The complaint is hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff shall have 30 days to file an amended complaint, if she chooses to do so. Plaintiff shall also have 120 days after the filing of an amended complaint to effectuate proper service of a summons and the amended complaint upon all defendants.

IT IS SO ORDERED.

DATED this 25th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE