UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NANETTE SEMBACH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLUB ONE; and MILES METTLER, general manager of Club One,<br><br>　　　　Defendants. | 3:10-CV-00654-LRH-VPC<br><br>ORDER |

Before the court are three motions: first, Defendant Club One, Inc.'s Motion to Dismiss (#23), along with Plaintiff Nanette Sembach's opposition (#25), and Club One's reply (#26); second, Defendant Miles Mettler's Motion to Dismiss (#37), along with Plaintiff's opposition (#43), and Mettler's reply (#44); and third, Plaintiff's motion for default (#39) and addendum (#41), along with Defendants' joint opposition (#42).

**I.    Facts and Procedural History**

Appearing pro se, Plaintiff initiated this action on November 19, 2010. Originally styled as an action under 42 U.S.C. § 1983, Plaintiff's initial complaint was dismissed on March 1, 2011, with leave to amend, upon the granting of both Defendants' motions to dismiss. (Doc. #21.)

On March 31, 2011, Plaintiff filed an "Amendment to Complaint." (Doc. #22.) Citing Title VII and the Age Discrimination in Employment Act ("ADEA"), Plaintiff alleges that despite performing her duties in a satisfactory manner, Defendants Club One, Inc. and Miles Mettler, Club

One's general manager, failed to accommodate or comply with activity restrictions ordered by Plaintiff's treating physician, retaliated against Plaintiff for filing two workers compensation claims, demoted Plaintiff from her supervisory position and assigned her responsibilities to a younger man, gave her no clear job assignments, and told her that there was no job for her after her promotion and that she should "just quit."

On April 18, 2011, Club One moved to dismiss the amended complaint. After receiving extensions of time to serve the amended complaint, Plaintiff ultimately served Mettler on September 25, 2011, and Club One on September 26, 2011. On October 18, 2011, Mettler also moved to dismiss the amended complaint and served Plaintiff by mail. The next day, Plaintiff filed a motion for default against both Club One and Mettler based on an alleged failure to timely respond to the amended complaint after service was completed.

## II.     Plaintiff's Motion for Default

Federal Rule of Civil Procedure 55(a) authorizes entry of default against a party only when that party "has failed to plead or otherwise defend." Thus, no default may be entered if the party has filed a response indicating its intent to defend the action. *See* Fed. R. Civ. P. 55(a), 2007 advisory committee's note; Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 6:28 (The Rutter Group 2009). Here, both defendants have indicated their clear intent to defend this action by moving to dismiss both Plaintiff's original and amended complaints. Club One timely moved to dismiss Plaintiff's amended complaint, and the motion was fully briefed, all before Plaintiff formally served Club One. And while he failed to timely respond following service of the amended complaint, Mettler clearly indicated his intent to defend the action by moving to dismiss the amended complaint. Indeed, Mettler filed his motion one day before Plaintiff moved for default. The motion for default will therefore be denied, and the court will consider Defendants' motions to dismiss on the merits. *See* Fed. R. Civ. P. 12(h) (providing that the defense of failure to state a claim under Rule 12(b)(6) may be raised at any time).

### III.     Legal Standard

Defendants seek dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Rule 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true.  *Id.*  However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted).  The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual

allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

"*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks and citations omitted). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citations omitted).

## IV.  Discussion

### A.  Exhaustion of Administrative Remedies

Defendants contend that Plaintiff fails to include allegations in her amended complaint that she has exhausted her administrative remedies by filing a complaint with the EEOC and obtaining a right-to-sue letter. Defendants are correct that the amended complaint includes no such allegations. Nonetheless, Plaintiff states in her opposition that she in fact obtained a right-to-sue letter. Furthermore, it appears that plaintiff has intended her "Amendment to Complaint" not as a freestanding amended complaint but as an amendment to her original complaint, which contains allegations addressing Plaintiff's EEOC complaint and the agency's response. Although an amended complaint should stand on its own and include all necessary allegations, given Plaintiff's pro se status and the court's obligation to construe Plaintiff's filings liberally, for purposes of resolving the present motions the court will excuse Plaintiff's error and read the amended complaint as incorporating by reference the allegations made in the original complaint.

4

### B. Title VII and ADEA Claims

Defendants next contend that Plaintiff has failed to state a claim under either Title VII or the ADEA. Title VII prohibits employment discrimination based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Similarly, the ADEA prohibits employment discrimination based on an individual's age. 29 U.S.C. § 623(a). To state a prima facie case of employment discrimination, Plaintiff must allege that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003).

Whereas Title VII requires only that discrimination on a protected ground be a motivating factor in the adverse employment action, the ADEA requires more. To prevail on an ADEA claim, the plaintiff must establish "but for" causation—*i.e.*, but for the plaintiff's age, the adverse employment action would not have occurred. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009). "That is, the plaintiff's age must have 'actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome.'" *Reeves*, 530 U.S. at 141 (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). This does not require that age be the *sole* cause, however. *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010). "[A]n employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as 'age was the factor that made a difference.'" *Jones*, 617 F.3d at 1277-78 (quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010)).

Here, Plaintiff seeks compensatory and punitive damages against her employer, Club One, and against Mettler, as Club One's general manager, under both Title VII and the ADEA. However, an individual supervisor may not be held personally liable for monetary damages under Title VII and the ADEA; only the employer may be liable for monetary damages. *See Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). And while injunctive relief might be

5

sought against a supervisor under Title VII and the ADEA, *see Sattar v. Unocal Corp.*, 829 F. Supp. 331 (N.D. Cal. 1993), Plaintiff's amended complaint includes no request for such relief. Accordingly, Mettler's motion to dismiss shall be granted as to Plaintiff's Title VII and ADEA claims.

Turning to the substance of Plaintiff's allegations and construing them liberally, Plaintiff's complaint includes allegations indicating that she is a female; she was performing her duties in a satisfactory manner despite her injuries; she was demoted from her position, given no clear job assignments and told to quit; and her responsibilities were reassigned to a younger man. For purposes of the ADEA, however, Plaintiff fails to allege that she is a member of the class protected by the ADEA. Plaintiff does state in her opposition brief that she was over the age of 40; however, this allegation appears nowhere in her complaint.

Furthermore, for purposes of both Title VII and the ADEA, Plaintiff does not allege that Defendants intentionally discriminated against her because of her gender or her age. Nor does Plaintiff allege sufficient facts that would raise an inference of such intentional discrimination. Plaintiff instead alleges that she filed two workers compensation claims and requested special accommodations, that Defendants refused those accommodations and retaliated against her for filing workers compensation claims, and that her responsibilities were assigned to a younger man. But retaliation for filing a workers compensation claim is not prohibited by Title VII or the ADEA. And the mere fact that Plaintiff was replaced by a younger man does not state a claim under Title VII or the ADEA in the absence of intentional discrimination "because of" gender or age.

For these reasons, both Defendants' motions to dismiss will be granted as to Plaintiff's claims under Title VII and the ADEA. However, because it is not absolutely clear that the deficiencies could not be cured by amendment, the dismissal will be without prejudice and the court will afford Plaintiff an opportunity to file a second amended complaint to attempt to state a claim under Title VII and/or the ADEA.

### C. Retaliation

The court also recognizes that Plaintiff's allegations may support a claim for retaliation under Nevada law. Although not prohibited by Title VII or the ADEA, retaliation against an employee for filing a workers compensation claim is prohibited under state law. The Nevada Supreme Court has specifically recognized a common law cause of action for tortious discharge based on an employer's retaliation for the filing of a workers compensation claim. *Hansen v. Harrah's*, 100 Nev. 60, 64, 675 P.2d 394, 397 (1984). Where the employee was forced to resign, constructive discharge is actionable upon proof that (1) the employee's resignation was induced by actions and conditions that are violative of public policy, (2) the employer's actions or working conditions were so aggravated and intolerable that a reasonable person in the employee's position at the time of resignation would feel compelled to resign, (3) the employer had actual or constructive knowledge of the intolerable actions and conditions and their impact on the employee, and (4) the situation could have been remedied. *Martin v. Sears, Roebuck & Co.*, 899 P.2d 551, 553 (Nev. 1995). *Martin v. Sears, Roebuck & Co.*, 899 P.2d 551, 553 (Nev. 1995). A claim of retaliatory discharge is within a narrow exception to the at-will employment doctrine and is based on Nevada's strong public policy concerning injured workmen. *Hansen*, 100 Nev. at 64.

Neither Club One nor Mettler have addressed Plaintiff's allegations of retaliation in their motions to dismiss. However, even if Plaintiff has alleged a viable retaliation claim under state law, this court ordinarily would decline to exercise its supplemental jurisdiction over that state law claim in the absence of a viable claim under federal law, such as Title VII or the ADEA. The court will therefore dismiss Plaintiff's state law claim without prejudice and with leave to amend along with her federal claims. For this court to exercise jurisdiction over Plaintiff's state law retaliation claim, Plaintiff would need to file a second amended complaint that states a viable claim under Title VII or the ADEA. If Plaintiff fails to do so, she would have to pursue her state law claim in state court.

### V. Conclusion

For the foregoing reasons, Plaintiff's amended complaint shall be dismissed without prejudice. However, because it is not absolutely clear that the deficiencies could not be cured by amendment, the court will grant Plaintiff one more opportunity to amend her complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for default (#39) is DENIED.

IT IS FURTHER ORDERED that Defendant Club One, Inc.'s Motion to Dismiss (#23) and Defendant Miles Mettler's Motion to Dismiss (#37) are GRANTED. The first amended complaint is hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff shall have 30 days to file a second amended complaint, if she chooses to do so. Plaintiff is advised that pursuant to Local Rule 5-1, if she chooses to file a second amended complaint, it shall be complete in itself, without reference to any previous complaint, and shall include all allegations, claims, parties, and requests for relief. Any allegations, claims, parties, or requests for relief from prior papers that are not stated in the second amended complaint will no longer be before the court. Plaintiff shall clearly title the second amended complaint as such by placing the words "SECOND AMENDED COMPLAINT" on page one in the caption, and Plaintiff shall place the case number, 3:10-CV-00654-LRH-VPC, above the words "SECOND AMENDED COMPLAINT." Absent good cause, no further amendments will be permitted.

IT IS SO ORDERED.

DATED this 22nd day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

8